UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

GUCCI AMERICA, INC. and CHLOÉ SAS,

    Plaintiffs,

  -against-

LAURETTE COMPANY, INC. and JENNIFER
MARIE MATTCHEN a/k/a JENNIFER MARIE
KIRK a/k/a JENNIFER BESSON d/b/a
THEBAGADDICTION.COM; PATRICK B. KIRK
d/b/a THEBAGADDICTION.COM, ABC
COMPANIES; and JOHN DOES,

    Defendants.

---------------------------------------------------------x

08 Civ. 5065 (LAK)

**PRELIMINARY INJUNCTION
ON CONSENT**



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/08

JUDGE KAPLAN'S CHAMBERS

WHEREAS, plaintiffs Gucci America, Inc. ("Gucci") and Chloé SAS ("Chloé") (collectively, "Plaintiffs"), commenced this action by the filing of a complaint on June 2, 2008 (the "Complaint") against Defendants Laurette Company, Inc. and Jennifer Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson, doing business as TheBagAddiction.com; ABC Companies; Patrick B. Kirk and John Does (collectively, "Defendants"), alleging, *inter alia*, that Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos;

WHEREAS, on June 3, 2008, the Honorable Lewis A. Kaplan of this Court issued a Temporary Restraining Order and Order to Show Cause on June 2, 2008 (the "June 2 Order") setting forth certain specified injunctive relief, providing for expedited discovery, and setting

forth a schedule for Plaintiffs' application to convert the Temporary Restraining Order into a preliminary injunction; and

WHEREAS, on June 6, 2008, Plaintiffs filed their First Amended Complaint adding Patrick B. Kirk as a Defendant; and

WHEREAS, for the purposes of this Preliminary Injunction on Consent, "Plaintiffs' Marks" is defined to include all Plaintiffs' trademarks, trade names, logos, and other source-indicating indicia, as set forth in Plaintiffs' Complaint in this action; and

WHEREAS, for the purposes of this Preliminary Injunction on Consent, "Counterfeit Products" is defined to include all goods or services, including but not limited to totes, satchels, top handle bags, shoulder bags, hobos, clutches, evening bags, exotic bags, wristlets, belt bags, watches, passport covers, business card holders, belts, women's wallets, men's wallets, diaper bags, sunglasses, cosmetic pouches, and messenger bags, that: (a) are or were manufactured, exported, imported, distributed, marketed, advertised, offered for sale and/or sold by any of the Defendants or otherwise in connection with the website TheBagAddiction.com; and (b) make or made use of any of Plaintiffs' Marks; and

WHEREAS, Defendants Laurette Company, Inc., Patrick B. Kirk and Jennifer Marie Mattchen hereby agree that: (a) Defendants Laurette Company, Inc., Patrick B. Kirk and Jennifer Marie Mattchen have been properly served with process in this action; (b) TheBagAddiction.com will not be operational at least as long as this action is pending; (c) Laurette Company, Inc. and Jennifer Marie Mattchen will not be involved in any additional sales of the merchandise at issue; and (d) all banks and other Designated Third Parties (as the term is defined below) that maintain accounts, letters of credit, or other assets for or payable to Laurette Company, Inc., Jennifer Marie Mattchen and/or Patrick B. Kirk, wherever in the world such

Designated Third Parties, accounts, letters of credit, or other assets are located have the express permission of Laurette Company, Inc., Patrick B. Kirk and Jennifer Marie Mattchen agree to comply with this Court's orders and discovery powers, including but not limited to the disclosure provisions of the June 2 Order and below; and

WHEREAS, Plaintiffs expressly reserve their rights to pursue appropriate sanctions for violations of this Court's June 2 Order or this Preliminary Injunction on Consent, and

WHEREAS, All signatories to this Preliminary Injunction on Consent warrant that they have the authority to enter into this Stipulation, and

WHEREAS, Plaintiffs and Defendants Laurette Company, Inc., Patrick B. Kirk and Jennifer Mattchen (collectively, "the Parties") have consented to the issuance of a preliminary injunction on consent as set forth below:

1.  THEREFORE, IT IS HEREBY ORDERED that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, without any final adjudication on the merits but with the consent of the parties, Defendants, including Laurette Company, Inc., Patrick B. Kirk and Jennifer Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson, doing business as TheBagAddiction.com, and any ABC Companies and John Doe defendants who receive notice of this Order, are immediately PRELIMINARILY ENJOINED AND RESTRAINED from

    (a)   manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or

colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

(b) making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

(c) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e) diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill, and

(f) otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g) moving, returning or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

(h) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe Plaintiff's Trademarks; and

(i) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (h), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (h); and

(j) transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth

5

further herein, except that Defendants shall not be prohibited from engaging in activities reasonably necessary for the maintenance of their home and personal and business activities unrelated to the activities that are the subject matter of this Action.

2.  IT IS FURTHER ORDERED that the hearing set for Thursday, June 12, 2008 at 10:00 a.m. in Courtroom 12D of the United States District Court for the Southern District of New York at 500 Pearl Street is hereby rendered moot.

3.  IT IS FURTHER ORDERED that Defendants shall provide to counsel for the Plaintiffs no later than 4:00 p.m. on, June 25, 2008:

   (a) an accurate inventory of all Counterfeit Products: (*i*) remaining in Defendants' possession and control and (*ii*) known by Defendants to exist in the custody of any third-parties; and

   (b) a complete accounting of all sales of Counterfeit Products, including but not limited to all documentation reasonably necessary for Plaintiffs independently to verify the profits associated with such sales; and

   (c) any and all documents responsive to Plaintiffs' First Request to Defendants for Discovery and Inspection of Documents, attached as Exhibit A to the June 2 Order.

4.  IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and the express consent granted herein by Defendants Laurette Company, Inc. and Jennifer Marie Mattchen, Defendants and their officers, directors, agents, representatives, successors or assigns, and all

persons acting in concert or in participation with any of them, and (a) any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property; (b) any websites, online search engines, online shopping price comparison services, or any other businesses or publications that advertise for Defendants' website TheBagAddiction.com or sell advertisements to Defendants; and (c) any website hosts, domain name owners, internet protocol supporters, or any other business supporting or hosting Defendants' website TheBagAddiction.com (collectively, "Designated Third Parties"), who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants. This includes but is not limited to: (*i*) any and all Woodforest National Bank accounts that are associated with or utilized by any of Defendants, (*ii*) any and all Wells Fargo Bank accounts that are associated with or utilized by any of Defendants, and (*iii*) any and all Patelco Credit Union accounts that are associated with or utilized by any of Defendants; (*iv*) any and all MasterCard, Visa, Discover and/or American Express card payment accounts that are associated with or utilized by any of Defendants; (*v*) any and all CyberSource Corporation a/k/a Authorize.Net accounts that are associated with or utilized by any of Defendants; and (*vi*) any and all Volusion, Inc. accounts that are associated with or utilized by any of Defendants; (*vii*) any and all Google, Inc accounts that are associated with or utilized by any of Defendants; (*viii*) any and all NexTag, Inc. accounts that are associated with or utilized by any of Defendants, (*ix*) any and all Shopzilla, Inc. accounts that are associated

7

with or utilized by any of Defendants; (x) any and all Become, Inc. accounts that are associated with or utilized by any of Defendants; (xi) any and all Kaplan Domain Name Trust accounts that are associated with or utilized by any of Defendants; (xii) any and all Rackspace.com, Ltd. accounts associated with or utilized by any of Defendants. The limitations in this Section 4 shall not bar the Defendants, or any of them, from paying up to a maximum of $10,000 per month for reasonable and necessary living expenses or for legal representation in connection with this Action. Such payments are to be taken from the Bank of America account with the last four digits 6098.

5.   IT IS FURTHER ORDERED that any Designated Third Parties that: (a) maintain any money, stocks, bonds, real or personal property, letters of credit, or other assets for or payable to any of the Defendants, who receive actual notice of this order by personal service or otherwise, and (b) have not already fully complied any subpoenas for document production that issued prior to the entry of this Preliminary Injunction on Consent shall provide to Plaintiffs all records in their possession, custody, or control, concerning any and all assets of Defendants or any other entities acting in concert or participation with Defendants, including but not limited to all Designated Third Parties, accounts and assets fairly described in Paragraph 4 above, and that such records be produced within five (5) business days of receiving actual notice of this Preliminary Injunction on Consent unless such Designated Third Parties first apply to this Court for relief from the terms of this paragraph.

6.   IT IS FURTHER ORDERED that Defendants shall provide to any Designated Third Parties that may be located outside the United States or its territories such authorizations or other forms as such Designated Third Parties may request in order to facilitate compliance with this Preliminary Injunction on Consent.

7. IT IS FURTHER ORDERED that no bond is required and the bond issued in connection with the temporary restraining order shall be discharged

8. IT IS FURTHER ORDERED that the Defendants' stipulation to entry of this injunction is not to be deemed as an admission of any fact, or of the possession of any relevant or incriminating information, and is without prejudice to their right to assert their Fifth Amendment right against self-incrimination, attorney-client privilege, attorney work product protection, spousal privilege, and trade secret and privacy rights for themselves and for third parties whose information is in their possession, custody, or control and production of which is sought by this injunction

Dated: June 11, 2008

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Robert L. Weigel

200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiffs Gucci America, Inc. and Chloé SAS*

Dated: June 11, 2008

By: _____

[signatures and illegible text]

10

SO ORDERED

/s/ Lewis A. Kaplan
LEWIS A. KAPLAN, USDJ

6/13/08  1:23 pm