Robert Weigel (RW 0163)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.*
*and Chloé SAS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GUCCI AMERICA, INC. and CHLOÉ SAS,          :

        Plaintiffs,          :          08 Civ. _50 65_

        -against-          :

LAURETTE COMPANY, INC. and JENNIFER          :          **DECLARATION OF**
MARIE MATTCHEN a/k/a JENNIFER MARIE          :          **ROBERT L. WEIGEL**
KIRK a/k/a JENNIFER BESSON d/b/a          :
THEBAGADDICTION.COM; ABC COMPANIES;          :
and JOHN DOES,          :

        Defendants.          :

                  :

                  :
------------------------------------------------------------x

        Robert L. Weigel hereby declares as follows:

        1.  I am a member of the bar of this Court and a partner of the law firm of Gibson, Dunn

& Crutcher LLP, counsel to Gucci America, Inc. and Chloé SAS ("Chloé") (collectively,

Plaintiffs).  I submit this declaration in support of Plaintiffs' application for a temporary

restraining order and preliminary injunction.

        2.  Attached as Exhibit 1 is a true and correct copy of remarks of President George W.

Bush upon signing the Stop Counterfeiting in Manufactured Goods Act, as posted on the White

House website, <http://www.whitehouse.gov/news/releases/2006/03/print/20060316-7.html>, as of April 12, 2007.

3.  Attached as Exhibit 2 is a copy of the Court's judgment and damages award of $4.3 million in <u>Gucci America, Inc. v. MyReplicaHandbag.com</u>, 07 Civ. 2438 (JGK) (S.D.N.Y.) (Mar. 4, 2008).

4.  Attached as Exhibit 3 is a copy of the $2 million consent judgment obtained from Defendants in <u>Gucci America, Inc. v. HGL Enterprises</u>, 07 Civ. 5569 (RMB) (S.D.N.Y.) (Nov. 28, 2007).

5.  Attached as Exhibit 4 is a copy of the Temporary Restraining Order and Order to Show Cause in <u>Gucci America, Inc. v. MyReplicaHandbag.com</u>, 07 Civ. 2438 (JGK) (S.D.N.Y. Mar. 27, 2007).

6.  No previous application has been made for the relief sought herein.

I hereby declare, under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
        June 2, 2008

                                    _____
                                             Robert L. Weigel

**EXHIBIT 1**

President Signs 'Stop Counterfeiting in Manufactured Goods' Act                    Page 1 of 2



THE WHITE HOUSE
PRESIDENT
GEORGE W. BUSH


CLICK HERE TO PRINT

For Immediate Release
Office of the Press Secretary
March 16, 2006

## President Signs 'Stop Counterfeiting in Manufactured Goods' Act
Room 350
Dwight D. Eisenhower Executive Office Building

▣ Fact Sheet: President Signs the Stop Counterfeiting in Manufactured Goods Act



VIDEO  Multimedia

President's Remarks
▣ view

3:07 P.M. EST

THE PRESIDENT: Thank you. Welcome. Thanks for coming. In a few moments, I will sign a bill that protects the hard work of American innovators, strengthens the rule of law, and helps keep our families and consumers safe. The Stop Counterfeiting in Manufactured Goods Act has earned broad support. And I want to thank all those who helped get this bill passed for being here today. I want to thank the lawmakers from both political parties for getting this piece of legislation to this desk. I want to thank the consumer protection groups who have joined us, as well. Thanks for your hard work on this important piece of legislation.



I want to thank the Attorney General, Al Gonzales, who has joined us; the Secretary of Commerce, Carlos Gutierrez; my Secretary of Labor, Elaine Chao. Thank you all for being here. I appreciate the Chairman of the Judiciary -- House Judiciary, Jim Sensenbrenner, for joining us today. I also want to thank the bill's sponsor, Joe Knollenberg from Michigan, as well as Bobby Scott from Virginia. Thank you three members for being here. The senators claim they're voting on important legislation, otherwise they would have been here, too. (Laughter.)

This economy of ours is strong, it's getting stronger. We grew at 3.5 percent last year, the national unemployment is 4.8 percent. People are buying homes, the small business sector is strong, productivity is up. Our country is productive, it's innovative, it's entrepreneurial, and we've got to keep it that way.

One of the problems we have is that people feel comfortable, at times, in trying to take a shortcut to success in the business world. They feel like they can copy existing products, instead of designing their own. In order to keep this economy innovative and entrepreneurial, it's important for us to enforce law, and if the laws are weak, pass new laws, to make sure that the problem of counterfeiting, which has been growing rapidly, is arrested, is held in check.

Counterfeiting costs our country hundreds of billion dollars a year. It has got a lot of harmful effects in our economy. Counterfeiting hurts businesses. They lose the right to profit from their innovation. Counterfeiting hurts workers, because counterfeiting undercuts honest competition, rewards illegal competitors. Counterfeiting hurts our -- counterfeiting hurts consumers, as fake products expose our people to serious health and safety risks. Counterfeiting hurts the government. We lose out on tax revenue. We have to use our resources for law -- of law enforcement to stop counterfeiting. Counterfeiting hurts national security, as terrorist networks use counterfeit sales to sometimes finance their operations.

This administration and Congress have worked together to confront the illegal threat, the real threat of illegal activity such as counterfeiting. And the bill I'm signing today is an important step forward.

The bill helps us defeat counterfeiting in two key ways. First, the bill strengthens our laws against trading counterfeit labels and packaging. In the past, the law prohibited the manufacturing, shipping, and -- or selling of

counterfeit goods, but it did not make it a crime to ship falsified labels or packaging, which counterfeits could then attach to fake products.

This loophole helped counterfeiters cheat consumers by passing off poorly-made items as brand-name goods. By closing the loophole, we're going to keep honest Americans from losing business to scam artists.

Secondly, the bill strengthens penalties for counterfeiters and gives prosecutors new tools to stop those who defraud American consumers. The bill requires courts to order the destruction of all counterfeit products seized as a part of a criminal investigation. The bill requires convicted counterfeiters to turn over their profits, as well as any equipment used in their operations, so it can't be used to cheat our people again. The bill requires those convicted of counterfeiting to reimburse the legitimate businesses they exploited. These common sense reforms will help law enforcement to crack down on this serious crime. We've got to get the counterfeiters and their products off the streets.

The tools in the bill I sign today will become a part of our broad effort to protect the creativity and innovation of our entrepreneurs. This administration is leading an initiative called STOP — Strategy Targeting Organized Piracy. Nine federal agencies are coming together in this initiative, including the Department of Justice, which has launched the most aggressive effort in American history to prevent intellectual property violations. We've expanded computer hacking and intellectual property units in U.S. Attorney's offices all across the country. We're posting specially trained prosecutors and FBI agents at American embassies in Asia and Eastern Europe. We're working with other nations and the World Trade Organization to promote strong intellectual property laws around the globe. We're cooperating with the private sector to raise awareness of counterfeiting so we can help stop fraud before it starts.

These efforts are getting some results. Last year, we dismantled a piracy ring in Massachusetts that was planning to sell more than 30,000 counterfeit hand bags and shoes and necklaces and other items.

With partners overseas, we broke up a prescription drug counterfeiting network, and seized more than $4 million in phony medicine. With the help of 16 countries on five continents, we removed more than $100 million of illegal online software, games, movies and music. This is a really important effort, and as we call upon folks to send a message to the counterfeiters, we're not going to tolerate your way of life, that we need to give them all the tools necessary to do their jobs. And this bill I'm going to sign here in 30 seconds does just that.

Again, I want to thank you all for being here to help honor these legislators that crossed the partisan divide to help protect this country from those who feel like they can sell illegal products and counterfeit and steal our — steal intellectual property. Good work. Thanks for coming. Now let's sign the bill. (Applause.)

(The bill is signed.) (Applause.)

END 3:15 P.M. EST

---

**Return to this article at:**
http://www.whitehouse.gov/news/releases/2006/03/20060316-7.html

 CLICK HERE TO PRINT

**EXHIBIT 2**

**CHAMBERS OF**
**JUDGE JOHN G. KOELTL**
**UNITED STATES COURTHOUSE**
**500 PEARL STREET**
**NEW YORK, NEW YORK 10007**
TEL. NUMBER: (212) 805-0222
FAX NUMBER: (212) 805-7912

FACSIMILE COVER SHEET


DATE:     March 4, 2008


TO:     Robert Weigel, Esq.     (212) 351-5236
         Michael Bondi, Esq.     (612) 632-4309
         Magistrate Judge Eaton     x 6181

RE:     Gucci v. Myreplicahandbag.com, No. 07 Civ. 2438


FROM:     JUDGE KOELTL'S CHAMBERS


There are   11   pages being transmitted, **including** this cover page.
If there are any questions, please call 212-805-0222.

---

PLEASE NOTE:   The information contained in this facsimile is intended only for the use
of the individual(s) named above and others who have been specifically
authorized to receive such.  If the recipient is not the intended
recipient, you are hereby notified that any dissemination, distribution
or copying of this communication is strictly prohibited.  If you have
received this communication in error, please notify Chambers immediately
by telephone at (212) 805-0222.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

GUCCI AMERICA, INC.; CHLOÉ SAS; and          :
ALFRED DUNHILL LIMITED,                       :
                                              :
                    Plaintiffs,               :
                                              :
             -against-                        :                    07 Civ. 2438 (JGK)
                                              :
MYREPLICAHANDBAG.COM; WHOLESALE-              :
REPLICA.COM; REPLICA-WATCH-                   :                    [PROPOSED]
TOWN.COM; TRADERINASIA CONSULTING             :                    JUDGMENT
LLC; KELVIN CHO a/k/a KELVIN CHO YAW          :
COON a/k/a "CHO YAW KOON"; ABC                :
COMPANIES; and JOHN DOES,                     :
                                              :
                    Defendants.               :
                                              :
-------------------------------------------------------x

WHEREAS, this action having been commenced on March 26, 2007 by the filing of

the Summons and Complaint asserting that Defendants MyReplicaHandbag.com, Wholesale-

Replica.com, Replica-Watch-Town.com, TraderinAsia Consulting LLC ("TraderinAsia"), and

Kelvin Cho a/k/a Kelvin Cho Yaw Coon a/k/a "Cho Yaw Koon" ("Cho") and unidentified

parties designated as "ABC Companies" and "John Does" (collectively "Defendants") have

engaged in unlawful trademark counterfeiting, trademark infringement, trademark dilution,

unfair competition and deception under federal and New York law through their unauthorized

use of trademarks owned by Plaintiffs Gucci America, Inc. ("Gucci"), Chloé SAS ("Chloé")

and Alfred Dunhill Limited ("Alfred Dunhill") (collectively "Plaintiffs"); *(the marks being defined as "Plaintiffs' Marks" and defined on Exhibit A hereto);*

WHEREAS, copies of the Summons and Complaint were served in compliance with

the Court's order to show cause and temporary restraining order issued on March 26, 2007

(the "March 26 Order");

03/04/2008 13:57 FAX   212 805 7912                                  ☑003/012
02/27/2008 16:19 FAX                                                ☑004

WHEREAS, a Notice of Compliance with Service Provisions of the March 26 Order
was filed on April 17, 2007;

WHEREAS, Defendants MyReplicaHandbag.com, Wholesale-Replica.com, Replica-
Watch-Town.com never appeared in this action;

WHEREAS, despite receiving three extensions of time, Defendants Cho and
TraderinAsia never complied with the terms of the Court's Order to Show Cause;

WHEREAS, despite receiving four extensions of time, Defendants Cho and
TraderinAsia never produced any documents responsive to any of Plaintiffs' discovery
requests, as directed in the March 26 Order, April 19, 2007 stipulation and order, May 4 order
on consent, and June 22, 2007 order denying Defendants' motion to dismiss and granting
Plaintiffs' motion for a preliminary injunction;

WHEREAS, on July 10, 2007, the Court granted an unopposed motion by the counsel
who had been representing Defendants Cho and TraderinAsia in this lawsuit to withdraw and
simultaneously ordered that if Defendant TraderinAsia did not appear by new counsel by July
27, 2007, and Defendant Cho did not appear by new counsel or *pro se* by July 27, 2007,
Plaintiffs could seek default judgment against them;

WHEREAS, Defendants did not appear by a new attorney or file notice that Mr. Cho
would appear *pro se*;

WHEREAS, Plaintiffs' Complaint and papers submitted in support of Plaintiff's
application for a temporary restraining order and preliminary injunction made clear that
Plaintiffs would seek the relief provided herein and monetary damages in excess of $424
million;

2

WHEREAS, the Court ordered, in the March 26 Order and as continued in the June 22 preliminary injunction, that any money, stocks, bonds, real or personal property, or other assets of Defendants (collectively "Defendants' Assets") were enjoined from being transferred, disposed of, secreted, or otherwise made unavailable to provide final relief to Plaintiffs;

WHEREAS, the terms of the asset restraint provisions of the March 26 Order as continued in the June 22 preliminary injunction were made applicable to any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property, and all persons acting in concert or in participation with any of the Defendants who are in possession of Defendants' Assets (collectively, "Defendants' Assets Holders");

WHEREAS, on August 23, 2007, Plaintiffs moved the Court to grant a default judgment against Defendants;

WHEREAS, Defendants did not oppose Plaintiffs' motion for a default judgment;

WHEREAS, at a hearing on September 7, 2007, the Court granted default judgment against Defendants and referred the case to Magistrate Judge Douglas F. Eaton to conduct an inquest into damages and to write a Report and Recommendation as to the amount of damages to be awarded against Defendants;

WHEREAS, Magistrate Judge Eaton issued a Report and Recommendation on January 25, 2007 recommending that: (1) Plaintiff Gucci America, Inc. be awarded $3,600,000 against the Defendants, jointly and severally; (2) Plaintiff Chloé SAS be awarded $400,000 against the Defendants, jointly and severally; (3) Plaintiff Alfred Dunhill Limited be awarded $300,000 against the Defendants, jointly and severally; (4) a permanent injunction

3

against the defendants be granted enjoining them from using any of the plaintiffs' trademarks

or copyrights; (5) as partial satisfaction of the monetary judgment, the Court should order that

Defendants' Assets that were "frozen" pursuant to the March 26 Order and the June 22, 2007

Preliminary Injunction Order, as identified in Paragraphs 64-69 of Plaintiff's Inquest

Memorandum, be transferred to Gibson, Dunn & Crutcher, LLP; and (6) the final judgment

shall apply to Traderinasia Sdn. Bhd., as well as to the five defendants that were identified in

the caption of the Complaint;

WHEREAS, no parties have filed objections to the January 25, 2007 Report and

Recommendation; and

WHEREAS, the Court adopted Judge Magistrate Eaton's Report and

Recommendation on February 25, 2008; it is

ORDERED, ADJUDGED and DECREED:

1.    That this Judgment shall apply to Traderinasia Sdn. Bhd., as well as to the five

Defendants that were identified in the caption of the Complaint.

2.    That the injunctive terms of the March 26 Order and the June 22 preliminary

injunction are hereby made permanent and incorporated into this Judgment, and Defendants,

their officers, directors, agents, representatives, successors or assigns, and all persons acting

in concert or in participation with any of them are permanently enjoined from:

(a)    manufacturing, distributing, delivering, shipping, importing,

exporting, advertising, marketing, promoting, selling or otherwise

offering for sale Counterfeit Products or any other products

produced by Plaintiffs or confusingly similar to Plaintiffs' Products,

or that otherwise bear, contain, display or utilize any of Plaintiffs'

4

03/04/2008 13:58 FAX  212 805 7912                                                  ☑006/012
02/27/2008 16:19 FAX                                                                ☑007

Marks, any derivation or colorable imitation thereof, or any mark

confusingly similar thereto or likely to dilute or detract from the

Plaintiffs' Marks;

(b)       making or employing any other commercial use of Plaintiffs'

Marks, any derivation or colorable imitation thereof, or any mark

confusingly similar thereto or likely to dilute or detract from the

Plaintiffs' Marks;

(c)       using any other false designation of origin or false description or

representation or any other thing calculated or likely to cause

confusion or mistake in the mind of the trade or public or to deceive

the trade or public into believing that Defendants' products or

activities are in any way sponsored, licensed or authorized by or

affiliated or connected with Plaintiffs; and

(d)       doing any other acts or things calculated or likely to cause

confusion or mistake in the mind of the public or to lead purchasers

or consumers or investors into the belief that the products or

services promoted, offered or sponsored by Defendants come from

Plaintiffs or their licensees, or are somehow licensed, sponsored,

endorsed, or authorized by, or otherwise affiliated or connected

with Plaintiffs; and

(e)       further diluting and infringing all Plaintiffs' Marks and damaging

Plaintiffs' goodwill; and

(f)        otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g)        assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f); and

3.      That Defendants shall recall and remove from all stores, shops, markets, outlets, catalogues, websites or other channels of commerce any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants' possession or control and all means of making the same;

4.      That Defendants shall deliver up for destruction all Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants' possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118;

5.      That Defendants shall deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession or control of

Defendants bearing any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or

any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks,

in accordance with 15 U.S.C. § 1118;

      6.    That in lieu of an award of actual damages and profits, pursuant to 15 U.S.C.

§ 1117(c), and attorneys' fees incurred herein as a result of Defendants' intentional and

willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h),

Plaintiff Gucci America, Inc. is hereby awarded $3,600,000 against the Defendants, jointly

and severally; Plaintiff Chloé SAS is hereby awarded $400,000 against the Defendants,

jointly and severally; Plaintiff Alfred Dunhill Limited is hereby awarded $300,000 against the

Defendants, jointly and severally, for a total amount of $4.3 million (collectively, the

"Damages Award");

      7.    That in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15

U.S.C. § 1116(a), and this Court's inherent equitable power to issue remedies ancillary to its

authority to provide final relief, all Defendants' Asset Holders, as defined above, who receive

notice of this order by personal service or otherwise are ordered to liquidate those

Defendants' Assets and transfer the value of such Defendants' Assets to such accounts as may

be specified by Defendants' counsel, Gibson, Dunn & Crutcher, LLP, in partial satisfaction of

the Damages Award. This includes: (*i*) any and all funds identified by the Bank of China as

associated with Defendants, including in Account No. 4766603-0188-121131-3 (Swift No.

BKCHCNBJ400), as confirmed in a May 3, 2007 facsimile from counsel for Bank of China;

(*ii*) any and all funds identified by ProPay USA, Inc. as associated with Defendants, including

in Account No. 15099731811 as confirmed in an April 5, 2007 e-mail from legal counsel for

ProPay USA, Inc.; (*iii*) any and all funds identified by Washington Mutual as associated with

7

|

Defendants, including in Account Nos. 32400006185462, 09700001139615, and

09700001139673, as confirmed in a May 11, 2007 facsimile by a levy processor for

Washington Mutual; (iv) any and all funds identified by NetBank as associated with

Defendants, including in Account Nos. 15099731811, 00099731810001, and 1100372E315,

as confirmed in a May 2, 2007 e-mail from corporate counsel for NetBank; (v) any and all

funds identified by PayPal, Inc. as associated with Defendants, including in Account No.

1564451059339721163 in the name of "Yaw Koon Cho," Account No.

1507329365951233430 in the name of "Kelvin Cho," and Account

No. 1866081263539776404 in the name of "Yaw Cho," as confirmed in letters dated March

29, 2007 and May 17, 2006 from an escalations specialist for PayPal, Inc.; and (vi) any and all

funds identified by Commerce Payment as associated with Defendants, as confirmed in March

30, 2007 and April 2, 2007 e-mails from Commerce Payment.

   8.    That the "IT IS FURTHER ORDERED" paragraph running from page 6 to

page 7 of the March 26 Order, as confirmed by the June 22 preliminary injunction, is hereby

made permanent as long as the Damages Award described above in Paragraph 6 remains

unfulfilled, in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C.

§ 1116(a), and this Court's inherent equitable power to issue remedies ancillary to its

authority to provide final relief, such that in addition to the Defendants' Assets identified in

Paragraph 7 above, any banks, savings and loan associations, credit card companies, credit

card processing agencies, or other financial institutions or agencies that engage in the transfer

of real or personal property, who receive actual notice of this Judgment by personal service or

otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from

transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or

8

03/04/2008 13:59 FAX  212 805 7912                                      ☒010/012
02/27/2008 16:20 FAX                                                    ☒011

other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants. To the extent that such additional Defendants' Assets may be necessary to satisfy any remaining unpaid portion of the Damages Award, Defendants may apply to this Court for a further order compelling the liquidation and payment of additional funds necessary to satisfy this Court's Damages Award.

9.      That the provision of this Court's March 26 Order requiring Plaintiffs to post a bond is hereby lifted, the bond issued in this matter on March 27, 2007 and filed with the Clerk of the Court on March 30, 2007 shall be and hereby is dissolved, and Plaintiffs need not post any further bond with the Clerk of the Court.

10.      That the Clerk of the Court shall close this case and remove it from my docket. This Court, however, shall retain jurisdiction to: (a) issue such orders as may be necessary to enforce this Judgment or satisfy any remaining unpaid portion of this Court's Damages Award; (b) adjudicate any motion to find any of Defendants' Asset Holders in contempt of this Court's orders; or (c) reopen this matter in the event it is necessary to pursue sanctions for any violations of this Judgment.

IT IS SO ORDERED:

_____          Dated: _March 4_, 2008
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

9

## EXHIBIT A

| Mark | Reg./Serial No. | Date of Registration |
|------|-----------------|----------------------|
| GUCCI | 876,292<br>959,338<br>972,078<br>1,168,477<br>1,321,864 | 09/09/59<br>5/22/73<br>10/30/73<br>09/08/81<br>02/26/85 |
| NON-INTERLOCKING GG MONOGRAM<br> | 1,106,722 | 11/21/78 |
| GUCCI CREST<br> | 1,112,601 | 02/06/79 |
| GREEN-RED-GREEN STRIPE<br> | 1,122,780<br>1,483,526 | 07/24/79<br>04/05/88 |
| SQUARE G | 2,042,805 | 03/11/97 |
|  | 2,234,272 | 03/23/99 |
| REPEATING GG DESIGN<br> | 3,072,549 | 03/28/06 |

| Mark | Reg./Serial No. | Date of Registration |
|---|---|---|
| CHLOE | 1,491,810<br>1,513,535<br>1,925,176<br>2,745,487<br>3,198,388 | 06/14/88<br>11/22/88<br>10/10/95<br>08/05/03<br>01/16/07 |
| CHLOE IN STYLIZED FORM<br><br>**Chloé** | 950,843<br>1,020,289<br>1,103,275<br>1,182,862<br>78,761,371 | 01/16/73<br>09/16/75<br>10/03/78<br>12/22/81<br>pending |
| PADDINGTON | 78,863,562 | pending |
| SILVERADO | 78,863,566 | pending |

| Mark | Reg./Serial No. | Date of Registration |
|---|---|---|
| DUNHILL | 843,270<br>858,928<br>858,964<br>859,052<br>1,135,644<br>1,172,665 | 01/30/68<br>10/22/68<br>10/22/68<br>10/22/68<br>05/20/80<br>10/06/81 |
| DUNHILL IN STYLIZED FORM<br><br>**dunhill** | 527,207<br>540,389<br>881,310<br>1,555,840<br>1,734,900<br>1,799,883 | 07/04/50<br>04/03/51<br>11/25/69<br>09/12/89<br>11/24/92<br>10/19/93 |
| FACET WATCH – ONE ASPECT | 2,852,116 | 06/08/04 |

Robert Weigel (RW 0163)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.*
*and Chloé SAS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                      :

GUCCI AMERICA, INC. and CHLOÉ SAS,      :

            Plaintiffs,                    :           08 Civ. _____

            -against-                 :

LAURETTE COMPANY, INC. and JENNIFER   :       **DECLARATION OF**
MARIE MATTCHEN a/k/a JENNIFER MARIE   :      **ROBERT L. WEIGEL**
KIRK a/k/a JENNIFER BESSON d/b/a         :
THEBAGADDICTION.COM; ABC COMPANIES;   :
and JOHN DOES,                     :

            Defendants.               :

                                        :
-------------------------------------------------------------x

       Robert L. Weigel hereby declares as follows:

       1.   I am a member of the bar of this Court and a partner of the law firm of Gibson, Dunn

& Crutcher LLP, counsel to Gucci America, Inc. and Chloé SAS ("Chloé") (collectively,

Plaintiffs).  I submit this declaration in support of Plaintiffs' application for a temporary

restraining order and preliminary injunction.

       2.   Attached as Exhibit 1 is a true and correct copy of remarks of President George W.

Bush upon signing the Stop Counterfeiting in Manufactured Goods Act, as posted on the White

House website, <http://www.whitehouse.gov/news/releases/2006/03/print/20060316-7.html>, as of April 12, 2007.

    3.   Attached as Exhibit 2 is a copy of the Court's judgment and damages award of $4.3 million in <u>Gucci America, Inc. v. MyReplicaHandbag.com</u>, 07 Civ. 2438 (JGK) (S.D.N.Y.) (Mar. 4, 2008).

    4.   Attached as Exhibit 3 is a copy of the $2 million consent judgment obtained from Defendants in <u>Gucci America, Inc. v. HGL Enterprises</u>, 07 Civ. 5569 (RMB) (S.D.N.Y.) (Nov. 28, 2007).

    5.   Attached as Exhibit 4 is a copy of the Temporary Restraining Order and Order to Show Cause in <u>Gucci America, Inc. v. MyReplicaHandbag.com</u>, 07 Civ. 2438 (JGK) (S.D.N.Y. Mar. 27, 2007).

    6.   No previous application has been made for the relief sought herein.

I hereby declare, under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 2, 2008

                                   Robert L. Weigel

**EXHIBIT 1**





For Immediate Release
Office of the Press Secretary
March 16, 2006

# President Signs 'Stop Counterfeiting in Manufactured Goods' Act
Room 350
Dwight D. Eisenhower Executive Office Building

🗎 Fact Sheet: President Signs the Stop Counterfeiting in Manufactured Goods Act



President's Remarks
▶ view

3:07 P.M. EST

THE PRESIDENT: Thank you. Welcome. Thanks for coming. In a few moments, I will sign a bill that protects the hard work of American innovators, strengthens the rule of law, and helps keep our families and consumers safe. The Stop Counterfeiting in Manufactured Goods Act has earned broad support. And I want to thank all those who helped get this bill passed for being here today. I want to thank the lawmakers from both political parties for getting this piece of legislation to this desk. I want to thank the consumer protection groups who have joined us, as well. Thanks for your hard work on this important piece of legislation.

I want to thank the Attorney General, Al Gonzales, who has joined us; the Secretary of Commerce, Carlos Gutierrez; my Secretary of Labor, Elaine Chao. Thank you all for being here. I appreciate the Chairman of the Judiciary -- House Judiciary, Jim Sensenbrenner, for joining us today. I also want to thank the bill's sponsor, Joe Knollenberg from Michigan, as well as Bobby Scott from Virginia. Thank you three members for being here. The senators claim they're voting on important legislation, otherwise they would have been here, too. (Laughter.)



This economy of ours is strong, it's getting stronger. We grew at 3.5 percent last year, the national unemployment is 4.8 percent. People are buying homes, the small business sector is strong, productivity is up. Our country is productive, it's innovative, it's entrepreneurial, and we've got to keep it that way.

One of the problems we have is that people feel comfortable, at times, in trying to take a shortcut to success in the business world. They feel like they can copy existing products, instead of designing their own. In order to keep this economy innovative and entrepreneurial, it's important for us to enforce law, and if the laws are weak, pass new laws, to make sure that the problem of counterfeiting, which has been growing rapidly, is arrested, is held in check.

Counterfeiting costs our country hundreds of billion dollars a year. It has got a lot of harmful effects in our economy. Counterfeiting hurts businesses. They lose the right to profit from their innovation. Counterfeiting hurts workers, because counterfeiting undercuts honest competition, rewards illegal competitors. Counterfeiting hurts our -- counterfeiting hurts consumers, as fake products expose our people to serious health and safety risks. Counterfeiting hurts the government. We lose out on tax revenue. We have to use our resources for law -- of law enforcement to stop counterfeiting. Counterfeiting hurts national security, as terrorist networks use counterfeit sales to sometimes finance their operations.

This administration and Congress have worked together to confront the illegal threat, the real threat of illegal activity such as counterfeiting. And the bill I'm signing today is an important step forward.

The bill helps us defeat counterfeiting in two key ways. First, the bill strengthens our laws against trading counterfeit labels and packaging. In the past, the law prohibited the manufacturing, shipping, and -- or selling of

counterfeit goods, but it did not make it a crime to ship falsified labels or packaging, which counterfeits could then attach to fake products.

This loophole helped counterfeiters cheat consumers by passing off poorly-made items as brand-name goods. By closing the loophole, we're going to keep honest Americans from losing business to scam artists.

Secondly, the bill strengthens penalties for counterfeiters and gives prosecutors new tools to stop those who defraud American consumers. The bill requires courts to order the destruction of all counterfeit products seized as a part of a criminal investigation. The bill requires convicted counterfeiters to turn over their profits, as well as any equipment used in their operations, so it can't be used to cheat our people again. The bill requires those convicted of counterfeiting to reimburse the legitimate businesses they exploited. These common sense reforms will help law enforcement to crack down on this serious crime. We've got to get the counterfeiters and their products off the streets.

The tools in the bill I sign today will become a part of our broad effort to protect the creativity and innovation of our entrepreneurs. This administration is leading an initiative called STOP — Strategy Targeting Organized Piracy. Nine federal agencies are coming together in this initiative, including the Department of Justice, which has launched the most aggressive effort in American history to prevent intellectual property violations. We've expanded computer hacking and intellectual property units in U.S. Attorney's offices all across the country. We're posting specially trained prosecutors and FBI agents at American embassies in Asia and Eastern Europe. We're working with other nations and the World Trade Organization to promote strong intellectual property laws around the globe. We're cooperating with the private sector to raise awareness of counterfeiting so we can help stop fraud before it starts.

These efforts are getting some results. Last year, we dismantled a piracy ring in Massachusetts that was planning to sell more than 30,000 counterfeit hand bags and shoes and necklaces and other items.

With partners overseas, we broke up a prescription drug counterfeiting network, and seized more than $4 million in phony medicine. With the help of 16 countries on five continents, we removed more than $100 million of illegal online software, games, movies and music. This is a really important effort, and as we call upon folks to send a message to the counterfeiters, we're not going to tolerate your way of life, that we need to give them all the tools necessary to do their jobs. And this bill I'm going to sign here in 30 seconds does just that.

Again, I want to thank you all for being here to help honor these legislators that crossed the partisan divide to help protect this country from those who feel like they can sell illegal products and counterfeit and steal our — steal intellectual property. Good work. Thanks for coming. Now let's sign the bill. (Applause.)

(The bill is signed.) (Applause.)

END 3:15 P.M. EST

---

**Return to this article at:**
http://www.whitehouse.gov/news/releases/2006/03/20060316-7.html

 CLICK HERE TO PRINT

**EXHIBIT 2**

03/04/2008 13:56 FAX  212 805 7912

**CHAMBERS OF
JUDGE JOHN G. KOELTL
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007**
TEL. NUMBER: (212) 805-0222
FAX NUMBER: (212) 805-7912

FACSIMILE COVER SHEET

DATE:      March 4, 2008


TO:        Robert Weigel, Esq.          (212) 351-5236
           Michael Bondi, Esq.          (612) 632-4309
           Magistrate Judge Eaton       x 6181

RE:        Gucci v. Myreplicahandbag.com, No. 07 Civ. 2438


FROM:      JUDGE KOELTL'S CHAMBERS


There are   11  pages being transmitted, **including** this cover page.
If there are any questions, please call 212-805-0222.

_____

PLEASE NOTE:   The information contained in this facsimile is intended only for the use
               of the individual(s) named above and others who have been specifically
               authorized to receive such.   If the recipient is not the intended
               recipient, you are hereby notified that any dissemination, distribution
               or copying of this communication is strictly prohibited.   If you have
               received this communication in error, please notify Chambers immediately
               by telephone at (212) 805-0222.   Thank you.

03/04/2008 13:56 FAX  212 805 7912                                      ☑002/012
02/27/2008 16:19 FAX                                                    ☑003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
GUCCI AMERICA, INC.; CHLOÉ SAS; and                   :
ALFRED DUNHILL LIMITED,                               :
                                                      :
          Plaintiffs,                                 :
                                                      :
          -against-                                   :          07 Civ. 2438 (JGK)
                                                      :
MYREPLICAHANDBAG.COM; WHOLESALE-                      :
REPLICA.COM; REPLICA-WATCH-                           :          [PROPOSED]
TOWN.COM; TRADERINASIA CONSULTING                     :          JUDGMENT
LLC; KELVIN CHO a/k/a KELVIN CHO YAW                  :
COON a/k/a "CHO YAW KOON"; ABC                        :
COMPANIES; and JOHN DOES,                             :
                                                      :
          Defendants.                                 :
                                                      :
------------------------------------------------------x

     WHEREAS, this action having been commenced on March 26, 2007 by the filing of

the Summons and Complaint asserting that Defendants MyReplicaHandbag.com, Wholesale-

Replica.com, Replica-Watch-Town.com, TraderinAsia Consulting LLC ("TraderinAsia"), and

Kelvin Cho a/k/a Kelvin Cho Yaw Coon a/k/a "Cho Yaw Koon" ("Cho") and unidentified

parties designated as "ABC Companies" and "John Does" (collectively "Defendants") have

engaged in unlawful trademark counterfeiting, trademark infringement, trademark dilution,

unfair competition and deception under federal and New York law through their unauthorized

use of trademarks owned by Plaintiffs Gucci America, Inc. ("Gucci"), Chloé SAS ("Chloé")

and Alfred Dunhill Limited ("Alfred Dunhill") (collectively "Plaintiffs"); *(the marks being defined as "Plaintiffs' Marks" and defined on Exhibit A hereto);*

     WHEREAS, copies of the Summons and Complaint were served in compliance with

the Court's order to show cause and temporary restraining order issued on March 26, 2007

(the "March 26 Order");

WHEREAS, a Notice of Compliance with Service Provisions of the March 26 Order

was filed on April 17, 2007;

WHEREAS, Defendants MyReplicaHandbag.com, Wholesale-Replica.com, Replica-

Watch-Town.com never appeared in this action;

WHEREAS, despite receiving three extensions of time, Defendants Cho and

TraderinAsia never complied with the terms of the Court's Order to Show Cause;

WHEREAS, despite receiving four extensions of time, Defendants Cho and

TraderinAsia never produced any documents responsive to any of Plaintiffs' discovery

requests, as directed in the March 26 Order, April 19, 2007 stipulation and order, May 4 order

on consent, and June 22, 2007 order denying Defendants' motion to dismiss and granting

Plaintiffs' motion for a preliminary injunction;

WHEREAS, on July 10, 2007, the Court granted an unopposed motion by the counsel

who had been representing Defendants Cho and TraderinAsia in this lawsuit to withdraw and

simultaneously ordered that if Defendant TraderinAsia did not appear by new counsel by July

27, 2007, and Defendant Cho did not appear by new counsel or *pro se* by July 27, 2007,

Plaintiffs could seek default judgment against them;

WHEREAS, Defendants did not appear by a new attorney or file notice that Mr. Cho

would appear *pro se*;

WHEREAS, Plaintiffs' Complaint and papers submitted in support of Plaintiff's

application for a temporary restraining order and preliminary injunction made clear that

Plaintiffs would seek the relief provided herein and monetary damages in excess of $424

million;

WHEREAS, the Court ordered, in the March 26 Order and as continued in the June 22 preliminary injunction, that any money, stocks, bonds, real or personal property, or other assets of Defendants (collectively "Defendants' Assets") were enjoined from being transferred, disposed of, secreted, or otherwise made unavailable to provide final relief to Plaintiffs;

WHEREAS, the terms of the asset restraint provisions of the March 26 Order as continued in the June 22 preliminary injunction were made applicable to any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property, and all persons acting in concert or in participation with any of the Defendants who are in possession of Defendants' Assets (collectively, "Defendants' Assets Holders");

WHEREAS, on August 23, 2007, Plaintiffs moved the Court to grant a default judgment against Defendants;

WHEREAS, Defendants did not oppose Plaintiffs' motion for a default judgment;

WHEREAS, at a hearing on September 7, 2007, the Court granted default judgment against Defendants and referred the case to Magistrate Judge Douglas F. Eaton to conduct an inquest into damages and to write a Report and Recommendation as to the amount of damages to be awarded against Defendants;

WHEREAS, Magistrate Judge Eaton issued a Report and Recommendation on January 25, 2007 recommending that: (1) Plaintiff Gucci America, Inc. be awarded $3,600,000 against the Defendants, jointly and severally; (2) Plaintiff Chloé SAS be awarded $400,000 against the Defendants, jointly and severally; (3) Plaintiff Alfred Dunhill Limited be awarded $300,000 against the Defendants, jointly and severally; (4) a permanent injunction

3

against the defendants be granted enjoining them from using any of the plaintiffs' trademarks

or copyrights; (5) as partial satisfaction of the monetary judgment, the Court should order that

Defendants' Assets that were "frozen" pursuant to the March 26 Order and the June 22, 2007

Preliminary Injunction Order, as identified in Paragraphs 64-69 of Plaintiff's Inquest

Memorandum, be transferred to Gibson, Dunn & Crutcher, LLP; and (6) the final judgment

shall apply to Traderinasia Sdn. Bhd., as well as to the five defendants that were identified in

the caption of the Complaint;

WHEREAS, no parties have filed objections to the January 25, 2007 Report and

Recommendation; and

WHEREAS, the Court adopted Judge Magistrate Eaton's Report and

Recommendation on February 25, 2008; it is

ORDERED, ADJUDGED and DECREED:

1.    That this Judgment shall apply to Traderinasia Sdn. Bhd., as well as to the five

Defendants that were identified in the caption of the Complaint.

2.    That the injunctive terms of the March 26 Order and the June 22 preliminary

injunction are hereby made permanent and incorporated into this Judgment, and Defendants,

their officers, directors, agents, representatives, successors or assigns, and all persons acting

in concert or in participation with any of them are permanently enjoined from:

    (a)    manufacturing, distributing, delivering, shipping, importing,
           exporting, advertising, marketing, promoting, selling or otherwise
           offering for sale Counterfeit Products or any other products
           produced by Plaintiffs or confusingly similar to Plaintiffs' Products,
           or that otherwise bear, contain, display or utilize any of Plaintiff's'

4

Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(b)      making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c)      using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d)      doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e)      further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

5

☑007/012
☑008

(f)    otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (f); and

3.    That Defendants shall recall and remove from all stores, shops, markets, outlets, catalogues, websites or other channels of commerce any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants' possession or control and all means of making the same;

4.    That Defendants shall deliver up for destruction all Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants' possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118;

5.    That Defendants shall deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession or control of

6

Defendants bearing any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in accordance with 15 U.S.C. § 1118;

6.      That in lieu of an award of actual damages and profits, pursuant to 15 U.S.C. § 1117(c), and attorneys' fees incurred herein as a result of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h), Plaintiff Gucci America, Inc. is hereby awarded $3,600,000 against the Defendants, jointly and severally; Plaintiff Chloé SAS is hereby awarded $400,000 against the Defendants, jointly and severally; Plaintiff Alfred Dunhill Limited is hereby awarded $300,000 against the Defendants, jointly and severally, for a total amount of $4.3 million (collectively, the "Damages Award");

7.      That in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief, all Defendants' Asset Holders, as defined above, who receive notice of this order by personal service or otherwise are ordered to liquidate those Defendants' Assets and transfer the value of such Defendants' Assets to such accounts as may be specified by Defendants' counsel, Gibson, Dunn & Crutcher, LLP, in partial satisfaction of the Damages Award.  This includes:  (*i*) any and all funds identified by the Bank of China as associated with Defendants, including in Account No. 4766603-0188-121131-3 (Swift No. BKCHCNBJ400), as confirmed in a May 3, 2007 facsimile from counsel for Bank of China; (*ii*) any and all funds identified by ProPay USA, Inc. as associated with Defendants, including in Account No. 15099731811 as confirmed in an April 5, 2007 e-mail from legal counsel for ProPay USA, Inc.; (*iii*) any and all funds identified by Washington Mutual as associated with

7

03/04/2008 13:59 FAX  212 805 7912                                                   ☒009/012
02/27/2008 16:20 FAX                                                                 ☒010

Defendants, including in Account Nos. 32400006185462, 09700001139615, and

09700001139673, as confirmed in a May 11, 2007 facsimile by a levy processor for

Washington Mutual; (*iv*) any and all funds identified by NetBank as associated with

Defendants, including in Account Nos. 15099731811, 00099731810001, and 1100372£315,

as confirmed in a May 2, 2007 e-mail from corporate counsel for NetBank; (*v*) any and all

funds identified by PayPal, Inc. as associated with Defendants, including in Account No.

1564451059339721163 in the name of "Yaw Koon Cho," Account No.

1507329365951233430 in the name of "Kelvin Cho," and Account

No. 1866081263539776404 in the name of "Yaw Cho," as confirmed in letters dated March

29, 2007 and May 17, 2006 from an escalations specialist for PayPal, Inc.; and (*vi*) any and all

funds identified by Commerce Payment as associated with Defendants, as confirmed in March

30, 2007 and April 2, 2007 e-mails from Commerce Payment.

      8.     That the "IT IS FURTHER ORDERED" paragraph running from page 6 to

page 7 of the March 26 Order, as confirmed by the June 22 preliminary injunction, is hereby

made permanent as long as the Damages Award described above in Paragraph 6 remains

unfulfilled, in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C.

§ 1116(a), and this Court's inherent equitable power to issue remedies ancillary to its

authority to provide final relief, such that in addition to the Defendants' Assets identified in

Paragraph 7 above, any banks, savings and loan associations, credit card companies, credit

card processing agencies, or other financial institutions or agencies that engage in the transfer

of real or personal property, who receive actual notice of this Judgment by personal service or

otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from

transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or

other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants.  To the extent that such additional Defendants' Assets may be necessary to satisfy any remaining unpaid portion of the Damages Award, Defendants may apply to this Court for a further order compelling the liquidation and payment of additional funds necessary to satisfy this Court's Damages Award.

9.    That the provision of this Court's March 26 Order requiring Plaintiffs to post a bond is hereby lifted, the bond issued in this matter on March 27, 2007 and filed with the Clerk of the Court on March 30, 2007 shall be and hereby is dissolved, and Plaintiffs need not post any further bond with the Clerk of the Court.

10.    That the Clerk of the Court shall close this case and remove it from my docket. This Court, however, shall retain jurisdiction to:  (a) issue such orders as may be necessary to enforce this Judgment or satisfy any remaining unpaid portion of this Court's Damages Award; (b) adjudicate any motion to find any of Defendants' Asset Holders in contempt of this Court's orders; or (c) reopen this matter in the event it is necessary to pursue sanctions for any violations of this Judgment.

IT IS SO ORDERED:

_____
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

Dated: March 4, 2008

9

## EXHIBIT A

| Mark | Reg./Serial No. | Date of Registration |
|---|---|---|
| GUCCI | 876,292<br>959,338<br>972,078<br>1,168,477<br>1,321,864 | 09/09/59<br>5/22/73<br>10/30/73<br>09/08/81<br>02/26/85 |
| NON-INTERLOCKING GG MONOGRAM<br> | 1,106,722 | 11/21/78 |
| GUCCI CREST<br> | 1,112,601 | 02/06/79 |
| GREEN-RED-GREEN STRIPE<br> | 1,122,780<br>1,483,526 | 07/24/79<br>04/05/88 |
| SQUARE G | 2,042,805 | 03/11/97 |
|  | 2,234,272 | 03/23/99 |
| REPEATING GG DESIGN<br> | 3,072,549 | 03/28/06 |

| Mark | Reg./Serial No. | Date of Registration |
|---|---|---|
| CHLOE | 1,491,810 | 06/14/88 |
|  | 1,513,535 | 11/22/88 |
|  | 1,925,176 | 10/10/95 |
|  | 2,745,487 | 08/05/03 |
|  | 3,198,388 | 01/16/07 |
| CHLOE IN STYLIZED FORM  **Chloé** | 950,843 | 01/16/73 |
|  | 1,020,289 | 09/16/75 |
|  | 1,103,275 | 10/03/78 |
|  | 1,182,862 | 12/22/81 |
|  | 78,761,371 | pending |
| PADDINGTON | 78,863,562 | pending |
| SILVERADO | 78,863,566 | pending |

| Mark | Reg./Serial No. | Date of Registration |
|---|---|---|
| DUNHILL | 843,270 | 01/30/68 |
|  | 858,928 | 10/22/68 |
|  | 858,964 | 10/22/68 |
|  | 859,052 | 10/22/68 |
|  | 1,135,644 | 05/20/80 |
|  | 1,172,665 | 10/06/81 |
| DUNHILL IN STYLIZED FORM  **dunhill** | 527,207 | 07/04/50 |
|  | 540,389 | 04/03/51 |
|  | 881,310 | 11/25/69 |
|  | 1,555,840 | 09/12/89 |
|  | 1,734,900 | 11/24/92 |
|  | 1,799,883 | 10/19/93 |
| FACET WATCH – ONE ASPECT | 2,852,116 | 06/08/04 |

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
GUCCI AMERICA, INC. and CHLOÉ SAS,                               :
                                                                 :
                    Plaintiffs,                                  :
                                                                 :
         -against-                                               :
                                                                 :            07 Civ. 5569 (RMB)
HGL ENTERPRISES;                                                 :
EZDESIGNERREPLICAS.COM,                                         :            FINAL ORDER AND
DESIGNERREPLICAS.HIGHPOWERSITES.COM;                             :            JUDGMENT ON CONSENT
HENRY LEIZGOLD a/k/a ENRIQUE GOSMAN                             :
LEIZGOLD; HERLINDA LEIZGOLD a/k/a LINDA                          :
LEIZGOLD a/k/a HERLINDA PASAPERA; ABC                            :
COMPANIES; and JOHN DOES,                                        :
                                                                 :
                    Defendants.                                  :
                                                                 :
-----------------------------------------------------------------x

       WHEREAS, plaintiffs Gucci America, Inc. ("Gucci") and Chloé SAS ("Chloé")

(collectively "Plaintiffs") commenced this action by the filing of a complaint on June 11,

2007 (the "Complaint") against defendants HGL Enterprises, EZDesignerReplicas.com,

DesignerReplicas.HighPowerSites.com, Henry Leizgold a/k/a Enrique Gosman Leizgold,

Herlinda Leizgold a/k/a Linda Leizgold a/k/a Herlinda Pasapera, ABC Companies, and John

Does (collectively "Defendants"), alleging, *inter alia*, that Defendants are manufacturing,

importing, exporting, distributing, marketing, advertising, offering for sale and/or selling

goods bearing counterfeit reproductions of Plaintiffs' federally-registered trademarks, trade

names and/or logos; and

       WHEREAS, this Court issued a Temporary Restraining Order and Order to Show

Cause on June 12, 2007 (the "June 12 Order") applicable to all Defendants setting forth

certain specified injunctive relief, providing for expedited discovery, and setting forth a

schedule for Plaintiffs' application to convert the Temporary Restraining Order into a preliminary injunction; and

WHEREAS, Plaintiffs have filed with the Clerk of the Court proofs of service of process; and

WHEREAS, counsel for HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold, and Herlinda Leizgold (the "Named Defendants") has appeared in this matter but not filed any opposition to the order to show cause why a preliminary injunction should not issue, as set forth in the June 12 Order or answered the Complaint in any way; and

WHEREAS, for the purposes of this Final Order and Judgment on Consent, "Plaintiffs' Marks" is defined to include all Plaintiffs' trademarks, trade names, logos, and other source-indicating indicia, as set forth in Plaintiffs' Complaint in this action; and

WHEREAS, for the purposes of this Final Order and Judgment on Consent, "Counterfeit Products" is defined to include all goods or services, including but not limited to handbags, wallets, and other luxury products, that make or made use of any of Plaintiffs' Marks without Plaintiffs' authorization or permission; and

WHEREAS, the Named Defendants hereby agree that: (a) they will no longer operate any of the websites at issue, and Plaintiffs confirm that the websites at issue have been rendered non-operational; (b) the Named Defendants will not be involved in any additional sales of Counterfeit Products or any other goods or services that make use of Plaintiffs' Marks; (c) all banks and other Financial Institutions (as the term is defined below) that maintain accounts, letters of credit, or other assets for or payable to the Named Defendants have the express permission of the Named Defendants to comply with this Court's orders and

discovery powers; and (d) the Named Defendants will provide to Plaintiffs all information and documents in their possession, custody, control, or means of obtaining through reasonable, good faith efforts concerning all sources of Counterfeit Products and the identities and activities of anyone who may have materially contributed to sales of Counterfeit Products whether through the websites named in the Complaint or otherwise; and

WHEREAS, the Named Defendants have consented to the issuance of a Final Order and Judgment as set forth below:

1.    THEREFORE, IT IS HEREBY ORDERED that Defendants, including Defendants HGL Enterprises, EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, Henry Leizgold a/k/a Enrique Gosman Leizgold, Herlinda Leizgold a/k/a Linda Leizgold a/k/a Herlinda Pasapera, are immediately PERMANENTLY ENJOINED AND RESTRAINED from:

(a)    manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiffs or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(b)    making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark

confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c)     using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d)     doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e)     further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(f)     otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g)     moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable

4

imitation thereof, or any mark confusingly similar thereto or likely

to dilute or detract from the Plaintiffs' Marks; and

(h)     secreting, destroying, altering, removing, or otherwise dealing with

the unauthorized products or any books or records which contain

any information relating to the importing, manufacturing,

producing, distributing, circulating, selling, marketing, offering for

sale, advertising, promoting, renting, or displaying of all

unauthorized products which infringe Plaintiffs' Trademarks

(i)     assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in the

above subparagraphs (a) through (h), or effecting any assignments

or transfers, forming new entities or associations or utilizing any

other device for the purpose of circumventing or otherwise avoiding

the prohibitions set forth in subparagraphs (a) through (h).

2.      IT IS FURTHER ORDERED that Defendants HGL Enterprises,

EZDesignerReplicas.com, DesignerReplicas.HighPowerSites.com, and Henry Leizgold

(collectively, the "Monetary Judgment Defendants") shall pay Plaintiffs a judgment in the

amount of $2 million in satisfaction of the claims made against them in this matter and as

compensation for the injuries that their activities have caused to Plaintiffs, inclusive of costs.

3.      IT IS FURTHER ORDERED that in accordance with 15 U.S.C. § 1116(a) and

this Court's inherent equitable power to provide final equitable relief, and the express consent

granted herein by the Monetary Judgment Defendants, the following financial institutions

(collectively "Financial Institutions") who receive actual notice of this order are, without

prior approval of the Court, directed to liquidate and provide to Plaintiffs all assets due and owing to the Monetary Judgment Defendants or any other entities acting in concert or participation with the Monetary Judgment Defendants: (*i*) any and all Bank of America accounts that are associated with or utilized by any of the Monetary Judgment Defendants; (*ii*) any and all Washington Mutual accounts that are associated with or utilized by any of the Monetary Judgment Defendants, including but not limited to Account Nos. 1962267233, 0971897867, 009700001897867; 0940928255, and 009400000928255; (*iii*) Wells Fargo Bank Account Nos. 0761014877, 0745537456, and 2012554432 but not Account No. 6467206741; and (*iv*) any and all PayPal accounts that are associated with or utilized by any of the Monetary Judgment Defendants, including but not limited to accounts associated with the following e-mail addresses: p5115@swbell.net; hglenterprises@hotmail.com; h2483@hotmail.com; enriqueleizgold@yahoo.com; hgl@yahoo.com; MOTHERLODE52@YAHOO.COM; framestarl@hotmail.com; lordhenry9@yahoo.com; and leizgold@swbell.net.

    4.      IT IS FURTHER ORDERED that the provision of this Court's June 12, 2007 Order requiring Plaintiffs to post a bond is hereby lifted, the bond issued in this matter on June 12, 2007 and filed with the Clerk of the Court on June 14, 2007 shall be and hereby is dissolved, and Plaintiffs need not post any further bond with the Clerk of the Court.

    5.      IT IS FURTHER ORDERED that this lawsuit is dismissed with prejudice as to Defendants HGL Enterprises, Henry Leizgold, EZDesignerReplicas.com, and DesignerReplicas.HighPowerSites.com, and dismissed without prejudice as to Defendant Herlinda Leizgold.

6.    IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce

any violation of this Final Order and Judgment on Consent.


Dated:  New York, New York
         November 28, 2007

                                GUCCI AMERICA, INC. and CHLOÉ SAS,

                                By _Howard S. Hogan_
                                   Robert Weigel (RW 0163)
                                   Howard S. Hogan (HH 7995)
                                GIBSON, DUNN & CRUTCHER LLP
                                200 Park Avenue
                                New York, New York 10166
                                Telephone: (212) 351-4000


Dated:  New York, New York
         November    , 2007

                                HGL ENTERPRISES,
                                RZDESIGNERREPLICAS.COM,
                                HENRY LEIZGOLD and HERLINDA LEIZGOLD

                                By _Bruce D. Katz_
                                   Bruce D. Katz
                                LAW OFFICES OF BRUCE KATZ
                                225 Broadway
                                New York, New York 10007
                                Telephone: (212) 233-3434

                                By _Herlinda Leizgold_
                                   Herlinda Leizgold
                                10051 Westpark Drive, Suite 273
                                Houston, Texas 77042
                                Telephone: (713) 785-7551


IT IS SO ORDERED:

                                Dated:  XI-26 2007

_____
HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE


                                     7

**EXHIBIT 4**

Robert Weigel (RW 0497)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/07

*Attorneys for Plaintiffs Gucci America, Inc.,
Chloé SAS, and Alfred Dunhill Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

GUCCI AMERICA, INC.; CHLOÉ SAS; and
ALFRED DUNHILL LIMITED,

    Plaintiffs,

  -against-

MYREPLICAHANDBAG.COM; WHOLESALE-
REPLICA.COM; REPLICA-WATCH-
TOWN.COM; TRADERINASIA CONSULTING
LLC; KELVIN CHO a/k/a KELVIN CHO YAW
COON a/k/a "CHO YAW KOON"; ABC
COMPANIES; and JOHN DOES,

    Defendants

-----------------------------------------------------------x

07 Civ. 2438 (JGK)

[PROPOSED]
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE

  Plaintiffs Gucci America, Inc. ("Gucci"), Chloé SAS ("Chloé") and Alfred Dunhill

Limited ("Alfred Dunhill") (collectively "Plaintiffs"), having moved ex parte against Defendants

Myreplicahandbag.com, Wholesale-replica.com, Replica-Watch-Town.com, Traderinasia

Consulting LLC, Kelvin Cho a/k/a Kelvin Cho Yaw Coon a/k/a "Cho Yaw Koon," ABC

Companies, and John Does (collectively "Defendants"), for a temporary restraining order, asset

restraining order, expedited discovery order and order to show cause for preliminary injunction

pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*),

as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham

Act"), for the reason that Defendants are manufacturing, importing, exporting distributing,

marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of

Plaintiffs' federally registered trademarks, trade names and/or logos as set forth in Plaintiffs'

Complaint in this action (collectively "Plaintiffs' Marks"), which are owned and controlled by

Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting

Declarations and exhibits submitted therewith, finds:

1.    Plaintiffs are likely to succeed in showing that Defendants have used and are

continuing to use counterfeits or infringements of Plaintiffs' Marks in connection with the

manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or

sale of products, including but not limited to handbags, wallets, and watches (collectively, the

"Counterfeit Products");

2.    The manufacturing, importing, exporting, distributing, marketing, advertising,

offering for sale and/or selling of the Counterfeit Products will result in immediate and

irreparable injury to Plaintiffs if the relief requested is not ordered;

3.    Defendants, or other persons acting in concert with Defendants, would likely

destroy, move, hide or otherwise make assets, Counterfeit Products and business records relating

thereto inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating

the ultimate relief that Plaintiffs seek in this action;

4.    The harm to Plaintiffs from denial of the requested ex parte order outweighs the

harm to Defendants' legitimate interests against granting such an order;

8.    Entry of an order other than an ex parte seizure order would not adequately

achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark

counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the

2

acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs

of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that Defendants, including

Myreplicahandbag.com, Wholesale-replica.com, Replica-Watch-Town.com, Traderinasia

Consulting LLC, Kelvin Cho a/k/a Kelvin Cho Yaw Coon a/k/a "Cho Yaw Koon," and any John

Doe or ABC Company defendants who receive notice of this Order, appear to show cause on the

_17_ day of _April_ 2007 at _10_ a.m./p.m. or as soon thereafter as counsel can

be heard, in Courtroom _26B_ of the United States District Court for the Southern District of

New York at 500 Pearl Street / 40 Centre Street, New York, New York why an Order pursuant to

Rule 65 of the Federal Rules of Civil Procedure 65 and Section 34 of the Lanham Act should not

be entered granting Plaintiffs a preliminary injunction as follows:

1.    Restraining and enjoining Defendants, their officers, directors, agents,

representatives, successors or assigns, and all persons acting in concert or in participation with

any of them from:

(a)    manufacturing, distributing, delivering, shipping, importing, exporting,

advertising, marketing, promoting, selling or otherwise offering for

sale Counterfeit Products or any other products produced by Plaintiffs

or confusingly similar to Plaintiffs' Products, or that otherwise bear,

contain, display or utilize any of Plaintiffs' Marks, any derivation or

colorable imitation thereof, or any mark confusingly similar thereto or

likely to dilute or detract from the Plaintiffs' Marks;

3

(b)        making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c)        using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d)        doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e)        further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(f)        otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g)        assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f), or effecting any assignments or transfers, forming new entities or associations or utilizing any other

device for the purpose of circumventing or otherwise avoiding the

prohibitions set forth in subparagraphs (a) through (f).

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing,

distributing, marketing, advertising, offering for sale and/or selling the Counterfeit Products, and

will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that pending the hearing on Plaintiffs' application for a

preliminary injunction, Defendants, including Myreplicahandbag.com, Wholesale-replica.com,

Replica-Watch-Town.com, Traderinasia Consulting LLC, Kelvin Cho a/k/a Kelvin Cho Yaw

Coon a/k/a "Cho Yaw Koon," and any John Doe or ABC Company defendants who receive

notice of this Order, and their officers, directors, agents, representatives, successors or assigns,

and all persons acting in concert or in participation with any of them, or having knowledge of

this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

    (a)    committing any of the acts set forth in subparagraph (1)(a)-(g) above; and

    (b)    moving, returning or otherwise disposing of, in any manner, any

Counterfeit Products or any other products confusingly similar to

Plaintiffs' Products, or that otherwise bear, contain, display or utilize any

of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any

mark confusingly similar thereto or likely to dilute or detract from the

Plaintiffs' Marks; and

    (c)    secreting, destroying, altering, removing, or otherwise dealing with the

unauthorized products or any books or records which contain any

information relating to the importing, manufacturing, producing,

distributing, circulating, selling, marketing, offering for sale, advertising,

promoting, renting or displaying of all unauthorized products which

infringe Plaintiff's Trademarks

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants. This includes but is not limited to: (*i*) any and all Bank of China accounts that are associated with or utilized by any of Defendants, including but not limited to Account No. 4766603-0188-121131-3 (Swift No. BKCHCNBJ400) in the name of "Cho Yaw Koon"; (*ii*) any and all accounts of ProPay USA, Inc., 500 Timpanogos Parkway Building, Orem, Utah, 84097 that are associated with or utilized by any of Defendants, including but not limited to those associated with the designations "Kelvin@traderinasia," kelvincho@gmail.com, and/or "000188057 Specialty Retail Store"; and

(*iii*) any and all Discover card payment accounts that are associated with or utilized by any of Defendants, including but not limited to those associated with the designation KELVINCHO GMAIL.COM BRADENTON, FL; (*iv*) any and all MasterCard, Visa, and/or American Express card payment accounts that are associated with or utilized by any of Defendants; (*v*) any and all accounts maintained by Enets-commercepayment.com, Network for Electronic Transfers (Singapore) Pte Ltd. (d/b/a eNets), Commerce Payment Sdn Bhd., Maltuzi LLC, Oversee.net, Cybermesa, and/or any other entities working in concert or participation with these entities in connection with any accounts that are associated with or utilized by any of Defendants, including but not limited to those associated with the reference numbers SGP06217 and SGP06189; (*vi*) any and all accounts of PayPal, Inc., 2211 North First Street, San Jose, California 95131, that are associated with or utilized by any of Defendants; and (*vii*) any and all accounts of Inner Esteem Sdn Bhd. (d/b/a SuperCorridor.com), that are associated with or utilized by any of Defendants.

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any Defendant may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant; and

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, shall be made on Defendants and deemed effective as to all named Defendants if it is completed by all of the following means:

7

(a)     by hand delivery care of Traderinasia Consulting LLC at 60th PL, Suite M1049,

Bradenton, Florida 34203;

(b)     by certified express registered mail (international or through the United States

Postal Service, as appropriate), return receipt requested to each of the following addresses: (*i*)

Kelvin Cho, Traderinasia Consulting LLC, 0908, Blok Mawar, Rawang, 48000, Malaysia; and

(*ii*) Kelvin Cho, Traderinasia Consulting LLC, Suite 603, Level 6, Menara Pelangi, Taman

Pelangi, 80400 Johor Bahru, Johor, Malaysia, **and**

(c)     by delivery of Adobe PDF copies of this Order together with the Summons and

Complaint to the following e-mail addresses:  kelvincho@gmail.com, kelvin@traderinasia.com,

sales@myreplicahandbag.com, Fiona@traderinasia.com, lucy@traderinasia.com,

sales@wholesale-replica.com, reseller@replica-watch-town.com, sales@replica-watch-

town.com, and sales@dr-replica.com.

IT IS FURTHER ORDERED, that such service shall be made ~~within ten (10)~~ days from *on or before April 5, 2007*

the date of this Order, except as to John Doe or ABC Company defendants who may be later

identified, or at such time as may be extended by this Court; and

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed

with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies

thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY

10166-0193, Attention: Robert Weigel, Esq., by no later than *April 11, 2007* with any reply

by Plaintiffs to be filed and served by *April 16, 2007* ; and

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery is granted,

as to all Defendants; that Plaintiffs shall serve with this order requests for disclosures pursuant to

Fed. R. Civ. P. 26 and 34 in the form appended hereto as Attachment A, to be answered ~~within~~ *on or before 17, 2007*

8

~~business days of service, and thereafter, to take depositions of the persons responsible for~~

~~Defendants' business and that such discovery shall be completed on or before the ___ day of~~

~~___, 2007; and~~

IT IS FURTHER ORDERED, that any banks, savings and loan associations, credit card

companies, credit card processing agencies, or other financial institutions or agencies that engage

in the transfer of real or personal property, who receive actual notice of this order by personal

service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or

control, concerning any and all assets of Defendants or any other entities acting in concert or

participation with Defendants, including but not limited to records concerning the following

accounts: (*i*) any and all Bank of China accounts that are associated with or utilized by any of

Defendants, including but not limited to Account No. 4766603-0188-121131-3 (Swift No.

BKCHCNBJ400) in the name of "Cho Yaw Koon"; (*ii*) any and all accounts of ProPay USA,

Inc., 500 Timpanogos Parkway Building, Orem, Utah, 84097 that are associated with or utilized

by any of Defendants, including but not limited to those associated with the designations

"Kelvin@traderinasia," kelvincho@gmail.com, and/or "000188057 Specialty Retail Store"; and

(*iii*) any and all Discover card payment accounts that are associated with or utilized by any of

Defendants, including but not limited to those associated with the designation KELVINCHO

GMAIL.COM BRADENTON, FL; (*iv*) any and all MasterCard, Visa, and/or American Express

card payment accounts that are associated with or utilized by any of Defendants; (*v*) any and all

accounts maintained by Enets-commercepayment.com, Network for Electronic Transfers

(Singapore) Pte Ltd. (d/b/a eNets), Commerce Payment Sdn Bhd., Maltuzi LLC, Oversee.net,

Cybermesa, and/or any other entities working in concert or participation with these entities in

connection with any accounts that are associated with or utilized by any of Defendants, including

9

but not limited to those associated with the reference numbers SGP06217 and SGP06189; (vi)

any and all accounts of PayPal, Inc., 2211 North First Street, San Jose, California 95131, that are

associated with or utilized by any of Defendants; and (vii) any and all accounts of Inner Esteem

Sdn Bhd. (d/b/a SuperCorridor.com), that are associated with or utilized by any of Defendants;

and that such records be produced within five (5) business days of receiving actual notice of this

order unless such banks, savings and loan associations or other financial institutions, or agencies

that engage in the transfer of real or personal property first apply to this Court for relief from the

terms of this paragraph; and

IT IS FURTHER ORDERED, that Defendants are hereby given notice that failure to

attend the hearing scheduled herein may result in confirmation of the relief provided herein,

immediate issuance of the requested preliminary injunction to take effect immediately upon

expiration or dissolution of the within temporary restraining order, and: may otherwise extend

for the pendency of this litigation upon the same terms and conditions as comprise this

temporary restraining order.  Defendants are  hereby given further notice that they may deemed

to have actual notice of the issuance and terms of such preliminary injunction and any act by

them or anyone of them in violation of any of the terms thereof may be considered and

prosecuted as contempt of this Court.

IT IS SO ORDERED.

DATED this __26__ day of March, 2007

Hour: __4:59__ a.m./p.m.

UNITED STATES DISTRICT COURT

By: _____

UNITED STATES DISTRICT JUDGE

**EXHIBIT 4**

Case 1:07-cv-02438-JGK     Document Filed 08/27/2007     Page 1 of 10

Robert Weigel (RW-0649)
Howard S. Hogan (HH 7995)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/07

*Attorneys for Plaintiffs Gucci America, Inc.,*
*Chloé SAS, and Alfred Dunhill Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GUCCI AMERICA, INC.; CHLOÉ SAS; and
ALFRED DUNHILL LIMITED,

        Plaintiffs,

      -against-

MYREPLICAHANDBAG.COM; WHOLESALE-
REPLICA.COM; REPLICA-WATCH-
TOWN.COM; TRADERINASIA CONSULTING
LLC; KELVIN CHO a/k/a KELVIN CHO YAW
COON a/k/a "CHO YAW KOON"; ABC
COMPANIES; and JOHN DOES,

        Defendants

------------------------------------------------------------x

    07 Civ. 2438 (JGK)

    [PROPOSED]
  TEMPORARY RESTRAINING ORDER
   AND ORDER TO SHOW CAUSE

    Plaintiffs Gucci America, Inc. ("Gucci"), Chloé SAS ("Chloé") and Alfred Dunhill

Limited ("Alfred Dunhill") (collectively "Plaintiffs"), having moved ex parte against Defendants

Myreplicahandbag.com, Wholesale-replica.com, Replica-Watch-Town.com, Traderinasia

Consulting LLC, Kelvin Cho a/k/a Kelvin Cho Yaw Coon a/k/a "Cho Yaw Koon," ABC

Companies, and John Does (collectively "Defendants"), for a temporary restraining order, asset

restraining order, expedited discovery order and order to show cause for preliminary injunction

pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*),

as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham

Act"), for the reason that Defendants are manufacturing, importing, exporting distributing,

marketing, advertising, offering for sale and/or selling goods bearing counterfeit reproductions of

Plaintiffs' federally registered trademarks, trade names and/or logos as set forth in Plaintiffs'

Complaint in this action (collectively "Plaintiffs' Marks"), which are owned and controlled by

Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting

Declarations and exhibits submitted therewith, finds:

1.      Plaintiffs are likely to succeed in showing that Defendants have used and are

continuing to use counterfeits or infringements of Plaintiffs' Marks in connection with the

manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or

sale of products, including but not limited to handbags, wallets, and watches (collectively, the

"Counterfeit Products");

2.      The manufacturing, importing, exporting, distributing, marketing, advertising,

offering for sale and/or selling of the Counterfeit Products will result in immediate and

irreparable injury to Plaintiffs if the relief requested is not ordered;

3.      Defendants, or other persons acting in concert with Defendants, would likely

destroy, move, hide or otherwise make assets, Counterfeit Products and business records relating

thereto inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating

the ultimate relief that Plaintiffs seek in this action;

4.      The harm to Plaintiffs from denial of the requested ex parte order outweighs the

harm to Defendants' legitimate interests against granting such an order;

8.      Entry of an order other than an ex parte seizure order would not adequately

achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark

counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the

acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs

of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that Defendants, including

Myreplicahandbag.com, Wholesale-replica.com, Replica-Watch-Town.com, Traderinasia

Consulting LLC, Kelvin Cho a/k/a Kelvin Cho Yaw Coon a/k/a "Cho Yaw Koon," and any John

Doe or ABC Company defendants who receive notice of this Order, appear to show cause on the

17 day of April 2007 at 10 a.m./p.m. or as soon thereafter as counsel can

be heard, in Courtroom 26B of the United States District Court for the Southern District of

New York at 500 Pearl Street / 40 Centre Street, New York, New York why an Order pursuant to

Rule 65 of the Federal Rules of Civil Procedure 65 and Section 34 of the Lanham Act should not

be entered granting Plaintiffs a preliminary injunction as follows:

1.      Restraining and enjoining Defendants, their officers, directors, agents,

representatives, successors or assigns, and all persons acting in concert or in participation with

any of them from:

(a)     manufacturing, distributing, delivering, shipping, importing, exporting,

advertising, marketing, promoting, selling or otherwise offering for

sale Counterfeit Products or any other products produced by Plaintiffs

or confusingly similar to Plaintiffs' Products, or that otherwise bear,

contain, display or utilize any of Plaintiffs' Marks, any derivation or

colorable imitation thereof, or any mark confusingly similar thereto or

likely to dilute or detract from the Plaintiffs' Marks;

3

(b)       making or employing any other commercial use of Plaintiffs' Marks,

any derivation or colorable imitation thereof, or any mark confusingly

similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c)       using any other false designation of origin or false description or

representation or any other thing calculated or likely to cause

confusion or mistake in the mind of the trade or public or to deceive

the trade or public into believing that Defendants' products or

activities are in any way sponsored, licensed or authorized by or

affiliated or connected with Plaintiffs; and

(d)       doing any other acts or things calculated or likely to cause confusion

or mistake in the mind of the public or to lead purchasers or consumers

or investors into the belief that the products or services promoted,

offered or sponsored by Defendants come from Plaintiffs or their

licensees, or are somehow licensed, sponsored, endorsed, or authorized

by, or otherwise affiliated or connected with Plaintiffs; and

(e)       further diluting and infringing all Plaintiffs' Marks and damaging

Plaintiffs' goodwill; and

(f)       otherwise competing unfairly with Plaintiffs or any of their authorized

licensees in any manner; and

(g)       assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in the above

subparagraphs (a) through (f), or effecting any assignments or

transfers, forming new entities or associations or utilizing any other

4

device for the purpose of circumventing or otherwise avoiding the

prohibitions set forth in subparagraphs (a) through (f).

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing,

distributing, marketing, advertising, offering for sale and/or selling the Counterfeit Products, and

will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that pending the hearing on Plaintiffs' application for a

preliminary injunction, Defendants, including Myreplicahandbag.com, Wholesale-replica.com,

Replica-Watch-Town.com, Traderinasia Consulting LLC, Kelvin Cho a/k/a Kelvin Cho Yaw

Coon a/k/a "Cho Yaw Koon," and any John Doe or ABC Company defendants who receive

notice of this Order, and their officers, directors, agents, representatives, successors or assigns,

and all persons acting in concert or in participation with any of them, or having knowledge of

this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

    (a)    committing any of the acts set forth in subparagraph (l)(a)-(g) above; and

    (b)    moving, returning or otherwise disposing of, in any manner, any

            Counterfeit Products or any other products confusingly similar to

            Plaintiffs' Products, or that otherwise bear, contain, display or utilize any

            of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any

            mark confusingly similar thereto or likely to dilute or detract from the

            Plaintiffs' Marks; and

    (c)    secreting, destroying, altering, removing, or otherwise dealing with the

            unauthorized products or any books or records which contain any

            information relating to the importing, manufacturing, producing,

            distributing, circulating, selling, marketing, offering for sale, advertising,

promoting, renting or displaying of all unauthorized products which

infringe Plaintiff's Trademarks

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants. This includes but is not limited to: (*i*) any and all Bank of China accounts that are associated with or utilized by any of Defendants, including but not limited to Account No. 4766603-0188-121131-3 (Swift No. BKCHCNBJ400) in the name of "Cho Yaw Koon"; (*ii*) any and all accounts of ProPay USA, Inc., 500 Timpanogos Parkway Building, Orem, Utah, 84097 that are associated with or utilized by any of Defendants, including but not limited to those associated with the designations "Kelvin@traderinasia," kelvincho@gmail.com, and/or "000188057 Specialty Retail Store"; and

6

Case 1:07-cv-02438-JGK    Document 3    Filed 03/27/2007    Page 7 of 10

(*iii*) any and all Discover card payment accounts that are associated with or utilized by any of Defendants, including but not limited to those associated with the designation KELVINCHO GMAIL.COM BRADENTON, FL; (*iv*) any and all MasterCard, Visa, and/or American Express card payment accounts that are associated with or utilized by any of Defendants; (*v*) any and all accounts maintained by Enets-commercepayment.com, Network for Electronic Transfers (Singapore) Pte Ltd. (d/b/a eNets), Commerce Payment Sdn Bhd., Maltuzi LLC, Oversee.net, Cybermesa, and/or any other entities working in concert or participation with these entities in connection with any accounts that are associated with or utilized by any of Defendants, including but not limited to those associated with the reference numbers SGP06217 and SGP06189; (*vi*) any and all accounts of PayPal, Inc., 2211 North First Street, San Jose, California 95131, that are associated with or utilized by any of Defendants; and (*vii*) any and all accounts of Inner Esteem Sdn Bhd. (d/b/a SuperCorridor.com), that are associated with or utilized by any of Defendants.

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any Defendant may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant; and

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, shall be made on Defendants and deemed effective as to all named Defendants if it is completed by all of the following means:

7

(a)    by hand delivery care of Traderinasia Consulting LLC at 60th PL, Suite M1049,

Bradenton, Florida 34203;

(b)    by certified express registered mail (international or through the United States

Postal Service, as appropriate), return receipt requested to each of the following addresses: (*i*)

Kelvin Cho, Traderinasia Consulting LLC, 0908, Blok Mawar, Rawang, 48000, Malaysia; and

(*ii*) Kelvin Cho, Traderinasia Consulting LLC, Suite 603, Level 6, Menara Pelangi, Taman

Pelangi, 80400 Johor Bahru, Johor, Malaysia, *and*

(c)    by delivery of Adobe PDF copies of this Order together with the Summons and

Complaint to the following e-mail addresses: kelvincho@gmail.com, kelvin@traderinasia.com,

sales@myreplicahandbag.com, Fiona@traderinasia.com, lucy@traderinasia.com,

sales@wholesale-replica.com, reseller@replica-watch-town.com, sales@replica-watch-

town.com, and sales@dr-replica.com.    *on or before April 5, 2007*

IT IS FURTHER ORDERED, that such service shall be made ~~within ten (10)~~ days from

the date of this Order, except as to John Doe or ABC Company defendants who may be later

identified, or at such time as may be extended by this Court; and

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed

with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies

thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY

10166-0193, Attention: Robert Weigel, Esq., by no later than *April 11, 20* with any reply

by Plaintiffs to be filed and served by *April 16, 2007* ; and

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery is granted,

as to all Defendants; that Plaintiffs shall serve with this order requests for disclosures pursuant to

Fed. R. Civ. P. 26 and 34 in the form appended hereto as Attachment A, to be answered ~~within~~

*on or before 17, 2007*

8

~~business days of service, and thereafter, to take depositions of the persons responsible for Defendants' business and that such discovery shall be completed on or before the ___ day of ___, 2007; and~~

IT IS FURTHER ORDERED, that any banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real or personal property, who receive actual notice of this order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control, concerning any and all assets of Defendants or any other entities acting in concert or participation with Defendants, including but not limited to records concerning the following accounts: (*i*) any and all Bank of China accounts that are associated with or utilized by any of Defendants, including but not limited to Account No. 4766603-0188-121131-3 (Swift No. BKCHCNBJ400) in the name of "Cho Yaw Koon"; (*ii*) any and all accounts of ProPay USA, Inc., 500 Timpanogos Parkway Building, Orem, Utah, 84097 that are associated with or utilized by any of Defendants, including but not limited to those associated with the designations "Kelvin@traderinasia," kelvincho@gmail.com, and/or "000188057 Specialty Retail Store"; and (*iii*) any and all Discover card payment accounts that are associated with or utilized by any of Defendants, including but not limited to those associated with the designation KELVINCHO GMAIL.COM BRADENTON, FL; (*iv*) any and all MasterCard, Visa, and/or American Express card payment accounts that are associated with or utilized by any of Defendants; (*v*) any and all accounts maintained by Enets-commercepayment.com, Network for Electronic Transfers (Singapore) Pte Ltd. (d/b/a eNets), Commerce Payment Sdn Bhd., Maltuzi LLC, Oversee.net, Cybermesa, and/or any other entities working in concert or participation with these entities in connection with any accounts that are associated with or utilized by any of Defendants, including

9

Case 1:07-cv-02438-JGK    Document 3    Filed 03/27/2007    Page 10 of 10

but not limited to those associated with the reference numbers SGP06217 and SGP06189; (*vi*)

any and all accounts of PayPal, Inc., 2211 North First Street, San Jose, California 95131, that are

associated with or utilized by any of Defendants; and (*vii*) any and all accounts of Inner Esteem

Sdn Bhd. (d/b/a SuperCorridor.com), that are associated with or utilized by any of Defendants;

and that such records be produced within five (5) business days of receiving actual notice of this

order unless such banks, savings and loan associations or other financial institutions, or agencies

that engage in the transfer of real or personal property first apply to this Court for relief from the

terms of this paragraph; and

IT IS FURTHER ORDERED, that Defendants are hereby given notice that failure to

attend the hearing scheduled herein may result in confirmation of the relief provided herein,

immediate issuance of the requested preliminary injunction to take effect immediately upon

expiration or dissolution of the within temporary restraining order, and: may otherwise extend

for the pendency of this litigation upon the same terms and conditions as comprise this

temporary restraining order. Defendants are hereby given further notice that they may deemed

to have actual notice of the issuance and terms of such preliminary injunction and any act by

them or anyone of them in violation of any of the terms thereof may be considered and

prosecuted as contempt of this Court.

IT IS SO ORDERED.

DATED this **26** day of March, 2007

Hour: **4:59** a.m./p.m.

UNITED STATES DISTRICT COURT

By: _____

UNITED STATES DISTRICT JUDGE

10