KAPLAN, J

*RECEIVED JUN 18 2008 JUDGE KAPLAN'S CHAMBERS*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GUCCI AMERICA, INC. and CHLOÉ SAS,

    Plaintiffs,

-against-

LAURETTE COMPANY, INC. and JENNIFER
MARIE MATTCHEN a/k/a JENNIFER MARIE
KIRK a/k/a JENNIFER BESSON d/b/a
THEBAGADDICTION.COM; PATRICK B. KIRK
d/b/a THEBAGADDICTION.COM; ABC
COMPANIES; and JOHN DOES,

    Defendants.

-------------------------------------------------------------x

08 Civ 5065 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/08

## STIPULATION AND AGREED CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the following provisions of the Stipulation and Order shall govern disclosure and use by the undersigned parties of all documents, portions of documents, interrogatory responses, responses to requests for admission, testimony, transcripts of testimony and other materials and information (collectively, "Discovery Materials"), produced in this action, as follows:

1. When used in this Stipulation and Order, the word "document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof. A party, persons, or entity that produces or discloses Discovery Materials in connection with this action shall be referred to herein as the "Disclosing Party."

2. All Discovery Materials produced or disclosed in connection with these actions by a Disclosing Party which constitutes either: (a) trade secret or other confidential research, development or commercial information under Rule 26(c) of the Federal Rules of Civil Procedure; or (b) confidential, non-public personal information concerning individuals, such as social security numbers, home telephone numbers and addresses, tax returns, and medical, compensation, financial, investment and banking information, may be designated "Confidential" by the Disclosing Party, but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development or commercial information. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials."

3. The confidential designation set forth in Paragraph 2 of this Stipulation and Order may be made at or prior to the time of production of documents by placing or affixing the phrases "Confidential Discovery Materials," "Confidential," or "Confidential Treatment Requested" on each page of the Confidential Discovery Materials to be deemed confidential, or, in the case of depositions, as provided in Paragraph 5 below. Failure to designate materials as Confidential at the time of production, including documents produced prior to the effective date of this Stipulation and Order, may be remedied by supplemental written notice received no later than thirty (30) days before the date set for trial. If such notice is given, all documents, materials or testimony to be so designated shall be subject to this Stipulation and Order as if they had been initially designated as Confidential, provided, however, that the foregoing provisions shall not apply to any documents that had already been introduced as deposition exhibits, had been filed with the Court or had otherwise become publicly available. Moreover, any use of documents or

information prior to any such subsequent designation shall not constitute a violation of the terms of this Stipulation and Order. The effective date of any such subsequent designation shall be the date of actual receipt of such written notice by counsel for the non-designating party.

4. There shall be no waiver of any applicable privilege as a result of the production of privileged Discovery Materials. If a party discovers that it has inadvertently produced Discovery Materials for which it asserts a claim of privilege, such party shall promptly notify in writing all parties to which such production has occurred and request return of the materials. The receiving party shall immediately return the materials. In the event of a dispute relating to the inadvertent production of privileged Discovery Materials, the party that received the inadvertently produced Discovery Materials may seek a ruling challenging the claim of privilege. Such application to the Court shall not rely upon or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

5. A Disclosing Party may designate as Confidential any portion of a deposition transcript deemed to contain Confidential Information. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material, either orally at the deposition or in writing no later than fifteen (15) business days after the date on which the transcript is available from the court reporter for distribution to counsel.

6. All Discovery Materials produced or disclosed in these actions shall be used solely for the purpose of litigation in the above-captioned actions, including any appeal therefrom, and for no other purpose. Any person or entity in possession of Confidential Discovery Materials shall

maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents.

7. No Discovery Material designated "Confidential" pursuant to this Stipulation and Order shall be disclosed, directly or indirectly, to any person or entity other than:

   a. the Court, Court personnel, jurors and witnesses (whether at deposition or trial);

   b. the parties in the above-captioned actions;

   c. the parties' attorneys and partners, associates and employees of the attorneys' law firms;

   d. court reporters transcribing depositions or testimony in these actions;

   e. persons who are or were authors or recipients of the Confidential Discovery Materials;

   f. any expert or consultant retained or consulted by any party in connection with these actions and those working under their direction or control; and

   g. outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this litigation and computer personnel performing duties in relation to a computerized litigation system.

8. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 7(b), 7(f) and 7(g) as applicable above, shall, prior to disclosure, be advised of the contents of this Stipulation and Order, and shall be required to execute an affidavit to be returned to the parties' counsel evidencing the agreement in the form attached as Exhibit A.

9. In addition to the persons described in Paragraph 7, Plaintiffs may disclose to financial institutions or other third-parties who possess assets of Defendants only such confidential information as is necessary to confirm the identity of the Defendants in order to ensure compliance with any Court order

10. Before any Confidential Discovery Materials are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal  The parties will follow and abide by applicable law and local rules with respect to filing documents under seal in this Court. All documents filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such Discovery Materials are not confidential and need not be preserved under seal.

11. If at any time a party objects to the designation of Discovery Materials as confidential under this Stipulation and Order, the following procedures shall apply to any such objection.

   a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality

   b. A party who contends that the Discovery Materials designated as confidential are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the objection. The party who so designated the Discovery Materials as confidential shall have seven (7) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the confidential designation.

    c. Notwithstanding any challenge to the designation of Discovery Materials as confidential, all Discovery Materials previously designated as confidential shall continue to be treated as subject to the full protections of this Stipulation and Order until one of the following occurs:

        i. the party who claims that the Discovery Materials are confidential withdraws such designation in writing;

        ii. the party who claims that the Discovery Materials are confidential fails to move timely for an Order designating the documents as confidential; or

        iii the Court rules that the Discovery Materials should no longer be designated as confidential.

    d. Challenges to the confidentiality of Discovery Materials may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

12. No party shall be responsible to another party for disclosure of Confidential Discovery Materials under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Stipulation and Order.

13. If a party, through inadvertence, produces any Confidential Discovery Materials without labeling or marking or otherwise designating it as such in accordance with this Stipulation and Order, the Disclosing Party may give written notice to the receiving party that the document or thing produced is deemed confidential, and that the Discovery Materials produced should be treated as such in accordance with that designation under this Stipulation and Order. The

receiving party must treat the Discovery Materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Discovery Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

14. The restrictions and obligations set forth in this Stipulation and Order shall not apply to any information that:

   a. the parties agree should not be designated as Confidential Discovery Materials;

   b. the parties agree, or the Court rules, is already public knowledge;

   c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Stipulation and Order; or

   d. has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party.

15. This Stipulation and Order shall not be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial or hearing of this action.

16. In the event that additional persons become parties to these actions, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

17. This Stipulation and Order shall not prevent any party from applying to this Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court

18. Any non-party producing Discovery Materials in these actions may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties. The parties to this action may designate Discovery Materials produced by a non-party in these actions as Confidential in accordance and consistent with the terms and provisions of this Stipulation and Order.

19  The provisions of this Stipulation and Order shall not terminate upon the conclusion of the above-captioned actions. Upon written request, within thirty (30) days after entry of an Order finally terminating this action, including all appeals, copies of all Confidential Discovery Materials shall either be destroyed, or at the option of the recipient, returned to the Disclosing Party, with no copies being retained by the person returning such materials. This Paragraph shall not apply to pleadings, motions, briefs, supporting affidavits, attorney notes, transcripts, depositions or trial exhibits, or Court opinions and orders.

20. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. This Stipulation and Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

22. Transmission by electronic means is acceptable for all notification purposes herein.

FROM Davis & Leonard LLP                    (WED)JUN 11 2008  5:21/ST. 5:20/No.6661132587 P 2

23. This Order is subject to modification by the Court.

Dated: June 11, 2008

GIBSON, DUNN & CRUTCHER LLP

By: ~~signature~~
Robert L. Weigel

200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiffs – Gucci America, Inc. and Chloé SAS*

Dated: June 11, 2008

DAVIS & LEONARD LLP

By: *Mark R. Leonard*
Mark R. Leonard

8880 Cal Center Drive, Suite 180
Sacramento, California 95826
Telephone: (916) 362-9000
Facsimile: (916) 362-9066

*Attorneys for Defendants - Laurette Company, Inc., Jennifer Marie Mattchen a/k/a Jennifer Marie Kirk a/k/a Jennifer Besson, d/b/a TheBagAddiction.com, and Patrick B. Kirk*

SO ORDERED:

~~signature~~
Lewis A. Kaplan
United States District Judge

PAGE 2/2 * RCVD AT 6/11/2008 8:34:32 PM [Eastern Daylight Time] * SVR:NY_FAX01/6 * DNIS:6324 * CSID:9163629066 * DURATION (mm-ss):00-44

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GUCCI AMERICA, INC. and CHLOÉ SAS,

    Plaintiffs,

-against-

LAURETTE COMPANY, INC. and JENNIFER
MARIE MATTCHEN a/k/a JENNIFER MARIE
KIRK a/k/a JENNIFER BESSON d/b/a
THEBAGADDICTION.COM; PATRICK B. KIRK
d/b/a THEBAGADDICTION.COM; ABC
COMPANIES; and JOHN DOES,

    Defendants.

-------------------------------------------------------------x

08 Civ. 5065 (LAK)

## CERTIFICATION

I certify my understanding that Confidential Discovery Materials are being provided or may be provided to me pursuant to the terms and restrictions of the Stipulation and Agreed Confidentiality Order ("Stipulation and Order") dated _____, 2008, in the above-captioned action. I further certify that I have received and read the Stipulation and Order, and I agree to be bound by its terms. I also acknowledge that any violation of such Stipulation and Order by me or anyone acting under my direction may subject me to penalties for contempt of Court or other penalties or sanctions. I further agree to submit to the jurisdiction of this court for the purposes of enforcement of the Stipulation and Order.

Dated: _____    _____
                                              Name